UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KARIM BUTLER

                     Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, AND NEW YORK CITY
DETECTIVE MARK FRUNZI, "JOHN DOE'S last names
and first names being fictitious, true names being unknown to Plaintiffs,

                     Defendants.
-------------------------------------------------------------------X

13 CV 1140

COMPLAINT

JUDGE ABRAMS

Index No.

Jury Trial Demanded

Plaintiff KARIM BUTLER, by his attorneys, Law Office of David McGruder, PC complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT:

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and that on July 11, 2012, defendants falsely arrested him and made false allegations about him to the New York City County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper. Plaintiff also asserts supplemental state law claims.

## JURISDICTION & VENUE:

2. This action is brought pursuant to 42 U.S.C. Section 1983 and the Fourth and Fifth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391 (b) and (c).

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES:

5. Plaintiff is a resident of the State of New York who lives in the Bronx.

6. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

7. Defendant Detective MARK FRUNZI (the "officer") is a member of the New York City Police Department who was acting under color of state law and in his capacity as a City law enforcement officer at all relevant times. Detective Frunzi is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendant is sued in his individual and official capacity.

**STATEMENT OF FACTS:**

8.   On July 11, 2012 at approximately 4:35 p.m., plaintiff was lawfully present in the front passenger seat of a black Nissan Maxima located at East 52nd Street and Fifth Avenue in New York, New York, on his way to go shopping, along with the driver of the car (Lamar Mitchell) and another passenger (Jamie Darden).

9.   The vehicle was pulled over by uniformed New York City police officers from the 18th Precinct.

10.  The officers asked all vehicle occupants, including the plaintiff, to step out of the vehicle.

11.  Thereafter, the officer unlawfully seized plaintiff in Manhattan in front of on lookers, searched him, and the vehicle, subsequently finding in the vehicle console a bottle containing sixty (60) pills of Oxycodone and an unfilled prescription for Oxycodone . Although neither the car or the Oxycodone pills belonged to plaintiff the pills had a valid prescription and nothing was revealed to illegal about the car at the time of the arrest.

12.  The Police were informed by occupants of the aforementioned car that another individual obtained the Oxycodone pills with a valid prescription from his doctor and merely left them in the console.

13.  The police took no interest in locating the prescription holder for the subject Oxycodone.

14. Thereafter, the officer, along with others arrested plaintiff without probable cause and charged him with one count of Felony Criminal Possession of a Controlled Substance in the Fifth Degree (Penal Law Section 220.06).

15. Plaintiff was subsequently placed in jail where he remained for approximately one day before he was able to see a Judge.

16. He appeared before a Judge approximately twenty four (24) hours after he was arrested. At his arraignment The New York County District Attorney presented a sworn complaint signed by Defendant MARK FRUNZI charging Mr. Butler with Criminal Possession of a Controlled Substance in the Fifth Degree (P.L. Section 220.06).

17. The Judge at arraignments then set bail in an amount that Mr. Butler could not post. Thus Mr. Butler remained in custody for five more days.

18. On the sixth day of his incarceration (often referred to as the CPL Section 180.80 day) Counsel for Butler produced the person that the prescription pills were prescribed to as well as his prescription.

19. This person was interviewed by a New York County Assistant District Attorney who then made copies of the prescription.

20. The Prosecutor then agreed to release all three individuals that were in the car including Plaintiff Butler but did not dismiss the case.

21. After Mr. Butler's incarceration Mr. Butler lost his full time employment due to the absence caused by his wrongful detention.

22. The Case was adjourned to October 2012 in Part F, New York City Criminal Court. When Plaintiff came to Court he was informed that his case was dismissed on motion of the New York County District Attorney's Office.

23. Plaintiff was wrongfully detained for six days after which time defendants continued to prosecute plaintiff for approximately three months. wrongfully and without cause.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983

14. Plaintiff repeats and re-alleges each allegation contained in Paragraphs "1" through "14" with the same force and effect as if fully set forth therein.

15. By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. § 1983.

16. All of the aforementioned acts deprived plaintiff KARIM BUTLER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

17. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

18. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

19. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

20. As a result of the foregoing, plaintiff KARIM BUTLER, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment Under 42 U.S.C. §1983)

21. Plaintiff repeats and realleges every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. Defendants arrested plaintiff KARIM BUTLER without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

23. Defendants caused plaintiff KARIM BUTLER to be falsely arrested and unlawfully imprisoned.

24. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR THE THIRD CAUSE OF ACTION
(Malicious Prosecution)

25. Plaintiff repeats and re-alleges each allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. Defendants intentionally and knowingly provided false evidence, testimony, and/or information to the prosecution and its agencies involved herein in an effort to conceal their wrongful actions.

27. Based on Defendants' deliberate actions as set fort above, Plaintiff was falsely and maliciously prosecuted by the New York County District Attorney's Office.

28. The plaintiff was compelled to defend himself against the false charges that were filed against him.

29. Initially, the Plaintiff was charged with a "D" felony of Criminal Possession of a Controlled Substance that could have exposed him to several years of incarceration in a New York State Correctional Facility.

### AS AND FOR THE THIRD CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

32. As a result of the foregoing, plaintiff KARIM BUTLER was deprived of his liberty and right to substantive due process due process, causing emotional injuries.

33. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants had an affirmative duty to intervene on behalf of plaintiff KARIM BUTLER, whose constitutional rights were being violated in their presence by other officers.

36. The defendants failed to intervene to prevent the unlawful conduct described herein.

37. As a result of the foregoing, plaintiff KARIM BUTLER's liberty was restricted for an extended period of time, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

38. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through " 38" with the same force and effect as if fully set forth herein.

40. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

41. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, is are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Within ninety (90) days after the claims herein accrued, plaintiffs duly served upon, presented to, and filed with the CITY OF NEW YORK, Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

44. The CITY OF NEW YORK has wholly neglected or refused to make any adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

45. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

46. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

47. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and detained Plaintiff without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiff, despite Plaintiff's innocence.

50. The Defendants' tortuous conduct, as set forth above herein, directly resulted in the Plaintiff being wrongfully subjected to physical restraints, imprisoned, brought before a court, arraigned, fingerprinted, processed, and having bail set, to ultimately be released on his own recognizes.

51. As a result of the aforementioned conduct, plaintiff KARIM BUTLER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

52. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. As a result of defendants' conduct, plaintiff KARIM BUTLER, was deprived of his right to security against unreasonable searches, seizures, and interceptions.

55. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR THE EIGTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

56. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through " 55" with the same force and effect as if fully set forth herein.

57. Plaintiff's injuries were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

58. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A NINTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" though "58" with the same force and effect as if fully set forth herein.

60. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

61. As a result of the foregoing, plaintiff KARIM BUTLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE,** plaintiff KARIM BUTLER demands judgment and prays for the following relief, jointly and severally, against the defendant:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendant in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
February 20, 2013

Law Office of David McGruder, PC
1825 Park Ave., Suite 1102
New York, NY 10035
(212) 747-9311

By: _____
    David McGruder (NY    )

Attorney for Plaintiff KARIM BUTLER